# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

| | |
|---|---|
| VISHAL PURI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| GREGORY FILE, Field Office Director ) | |
| Kansas City Field Office ) | |
| United States Citizenship and Immigration Services ) | |
| ) | |
| Joseph Edlow, Director, ) | |
| U.S. Citizenship and Immigration Services, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND PETITION FOR WRIT OF MANDAMUS

Plaintiff, Vishal Puri respectfully asks this Court to compel Defendant within U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his Form N-400, Application for Naturalization. His application has been pending for over 2 years and 6 months. Plaintiff, by and through undersigned counsel, alleges as follows:

### JURISDICTION

1. The Court has jurisdiction under 28 U.S.C. § 1331, which provides for Federal Question Jurisdiction as this matter arises under 5 U.S.C. §§ 701-706, the Administrative Procedure Act.

2. The Court also has jurisdiction under 28 U.S.C. § 1361, the Mandamus Act.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to this claim occurred within the jurisdiction of this Court.

## THE PARTIES

4. Plaintiff Vishal Puri is a lawful permanent resident of the United States residing in 5834 Charlotte St., Shawnee, Kansas 66216. He seeks adjudication of his naturalization application, which has been pending with USCIS since April 2023.

5. Defendant Gregory File is the Field Office Director of the Kansas City Field Office of the United States Citizenship and Immigration Services ("USCIS"), which has jurisdiction over Plaintiff's naturalization application. He is sued in his official capacity.

6. Defendant Joseph B. Edlow is the Director of the United States Citizenship and Immigration Services. In this capacity, he has overall responsibility for the administration and adjudication of immigration and naturalization benefits, including the policies and procedures governing the processing of Form N-400 applications. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

7. Plaintiff is a lawful permanent resident of the United States.

8. On April 7, 2023, Plaintiff filed Form N-400, Application for Naturalization, with the U.S. Citizenship and Immigration Services ("USCIS"). Plaintiff's application was assigned Receipt Number IOE9300780838 and has been pending with the Kansas City Field Office. Exh. A.

9. Plaintiff attended his biometrics appointment on April 25, 2023, as scheduled by USCIS.

10. Despite multiple case inquiries and the passage of time exceeding USCIS's own published processing guidelines, Plaintiff has not received an interview notice or adjudicative action.

11. There are no further administrative remedies available to Plaintiff to redress his grievances described herein.

12. As of the date of this filing—more than **thirty (30) months** since submission—Plaintiff's application remains pending with no interview or adjudicative action, far exceeding the average USCIS processing time of 7–10 months for N-400 applications at the Kansas City Field Office.

13. Plaintiff has diligently complied with all USCIS requests and requirements and is statutorily eligible for naturalization.

14. The prolonged delay has caused Plaintiff harm, including loss of the right to vote, inability to apply for certain jobs requiring U.S. citizenship, and emotional distress from indefinite waiting without explanation.

## COUNT ONE
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

15. Plaintiff incorporates the foregoing paragraphs by reference.

16. Pursuant to the Administrative Procedure Act, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

17. The Administrative Procedure Act imposes a duty on an agency to "conclude a matter presented to it" within "a reasonable time." 5 U.S.C. § 555. A reviewing court "shall...compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706.

18. The delay of over thirty months in adjudicating Plaintiff's N-400 application is unreasonable, arbitrary, and capricious, in violation of 5 U.S.C. § 706(1).

19. Defendants have unlawfully withheld and unreasonably delayed agency action to which Plaintiff is entitled.

## COUNT TWO
## VIOLATION OF THE MANDAMUS ACT

20. Plaintiff incorporates the foregoing paragraphs by reference.

21. Under the Mandamus Act, 28 U.S.C. § 1361, relief may be granted because Defendants owe Plaintiff a clear, nondiscretionary duty to adjudicate his N-400 application within a reasonable period of time.

22. Though USCIS has discretion whether to grant or deny the petition or application, it has no discretion to decline to adjudicate applications.

23. Plaintiff has exhausted all available administrative remedies and has no other adequate remedy in law to compel agency action.

24. Mandamus is appropriate to compel Defendants to perform their duty and adjudicate Plaintiff's pending N-400 application.

## PRAYER FOR RELIEF

25. Plaintiff prays for judgment against Defendant within U.S. Citizenship and Immigration Services and respectfully asks the Court to enter an order:

   a. Issue a writ of mandamus compelling Defendants to promptly adjudicate Plaintiff's pending Form N-400;

   b. Declare that Defendants' delay is unreasonable and unlawful under the APA;

   c. Awarding Plaintiff reasonable attorney's fees, expenses and costs of court, under the Equal Access to Justice Act; and

      d.   Granting such other relief at law and in equity as justice may require.

Dated: October 9, 2025

Respectfully submitted,

*Maya King*
**Maya King, Esq.**
King Law Group
1401 Iron Street, Suite 200
North Kansas City, MO 64116
KS Bar # 27499
Tel: (913) 717-7112
Email: maya@kinglawgroup.com
Attorney for Plaintiff

5